## SUCCESSION OF ROLLAND.

Since the adoption of the constitution of 1845, a *tableau* of distribution of the effects of a succession, which proposes to allow certain sums to the attorney of the succession and to the attorney for the absent heirs, cannot be homologated as to such allowances, the courts being without authority to make any allowance by way of fee or compensation, in any suit or proceeding, except for the payment of such fees to ministerial officers as may be established by law. Art. 71. *Per Curiam:* Where an administrator requires the aid of counsel he may legally pay for such services, as for those of any other agent; but the propriety of such payment, like any other made on account of the succession, may be contested by any creditor, or other person interested.

APPEAL from the Court of Probates of New Orleans, *Bermudez*, J. The judgment of the court was pronounced by

SUCCESSION OF ROLLAND.

KING, J. The opponent, *Desirée Marcos*, has appealed from a judgment of the Probate Court, rejecting her claim for services rendered as a nurse to *F. Rolland*, deceased, during his last illness.

Her claim is for attention for six months, at $2 a day. It appears that the malady of the deceased was pulmonary consumption, for which he underwent medical treatment, for six months previous to his death. During that time the opponent was in the daily habit of giving him personal attention. At the expiration of the first four months, she stated to one of the witnesses that her attentions were gratuitous, and rendered in consideration of her regard for the invalid. Shortly after this conversation the deceased became more seriously ill, and from that time, until his death, was, for the most part, confined to his bed. The opponent continued to render him personal services; was several times sent for, by the deceased; passed several nights by him; had her servants in attendance on him; constantly dressed a running issue on his person; supplied him with drinks and articles of food suited to his condition; and gave all those attentions which his suffering state required. The judge below rejected her claim on the ground that she was not a professed nurse, and that her attentions were merely acts of benevolence and neighborly kindness.

It is true that, until within six weeks, or two months of *Rolland's* death, *Marcos* intended to give her services free of charge. It is not to be presumed, however, that when her attentions became more frequent and onerous, and her duties more painful, she still intended to render them without remuneration. One of the witnesses estimates such services as were rendered by the appellant, to be worth $2 a day; and we think that sum should be awarded to her for fifty days, with a privilege. Civil Code, arts. 3158, 3169.

The sums proposed in the tableau to be allowed to the attorney for the estate, and the attorney for the absent heirs, have been opposed. We have lately held that, since the adoption of the present constitution, courts are without authority to make allowances by way of fee or compensation, except for the payment of such fees to ministerial officers as may be established by law. Constitution, art. 71. *Pandelly* v. *His Creditors*, ante p. 21.

Where an administrator needs the aid of counsel, he may legally pay for such services, as for those of any other necessary agent. The propriety of such disbursements will, however, be subject to revision; and, like every other payment made on account of the succession, is liable to be questioned by the creditors, or others interested in enforcing a prudent and economical administration of the funds confided to his charge.

It is therefore ordered that, so much of the judgment of the Probate Court as rejected the claim of *Desirée Marcos*, and made allowances of fees to the counsel for the estate and for the absent heirs, be avoided and reversed. It is further ordered that *Desirée Marcos* be placed on the tableau of distribution of the succession of *F. Rolland*, as a privileged creditor, for $100, for services rendered as a nurse during the last illness of the deceased; that said tableau, thus amended, be homologated and confirmed, and the funds in the hands of the curator be distributed in accordance therewith. The costs to be paid by the succession.

*David*, for the appellant. No counsel appeared for the other parties.